| | |
|---|---|
| **WO** | JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Galen Lloyd Houser, | ) | No. CV 09-0937-PHX-GMS (ECV) |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Caron Grant-Ellis, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Galen Lloyd Houser, who is confined in the Arizona State Prison Complex-Winchester Unit in Tucson, Arizona, brought this civil rights action under 42 U.S.C. § 1983 against Nurse Caron Grant-Ellis and Physician's Assistant Nick Salyer, medical personnel at the Arizona Department of Corrections (ADC) Florence Unit Complex (Doc. #9).[1] Before the Court is Plaintiff's "Complaint" seeking a transfer from the Winchester Unit back to the Florence South Unit (Doc. #12).[2] The Court construes this filing as a motion for preliminary injunctive relief. Plaintiff filed his "Complaint" before service of his First Amended Complaint was executed. Although Defendants have now been served, for the reasons set forth below, a response is unnecessary.

---

[1] Upon screening, the Court dismissed Baird and McMorran as Defendants (Doc. #10).

[2] Also before the Court is Plaintiff's "Motion for Request of Injunctive Order/Relief" seeking immediate treatment from a dermatologist and access to prescription medication (Doc. #21). This motion was filed on January 28, 2010, and is not ready for ruling.

The Court will deny Plaintiff' request for injunctive relief.

## I. Background

Plaintiff's claim arose during his confinement in the Florence South Unit (Doc. #9). Plaintiff suffers from severe psoraisis, and he alleged that upon his arrival at the Florence South Unit following hospitalization for his condition, he was supposed to be treated pursuant to a specific treatment plan that required medications, blood tests, and constant monitoring (id. at 4). Plaintiff claimed that Defendants failed to monitor Plaintiff's care despite his repeated complaints and appeals for treatment through Health Needs Requests, inmate letters, and grievances to Salyer and Grant-Ellis (id.). Plaintiff alleged that Grant-Ellis failed to refer Plaintiff for evaluation by Salyer or correct the medication problems, and that Salyer failed to take any action to remedy the situation or maintain the prescribed treatment plan (id.). Plaintiff alleged that as a result, he suffered painful infections and was rehospitalized (id.).

## II. Preliminary Injunction

### A. Plaintiff's "Complaint"

Plaintiff asserts that immediately after he mailed copies of the First Amended Complaint and Summons to Defendants, ADC transferred him from the Florence South Unit to the Tucson Winchester Unit (Doc. #12 at 1). Plaintiff alleges that this transfer was punishment for filing the lawsuit and serves to hamper his ability to litigate the action because the transfer moves him away from witnesses and resources vital to his case (id. at 2). Plaintiff avers that the Winchester Unit is a higher custody, limited-movement yard, whereas the Florence South Unit is an open-movement yard. He further avers that the Winchester Unit has a smaller medical staff than the Florence South Unit (id.). Plaintiff requests that the Court direct ADC to explain why he was transferred and why the transfer to the Winchester Unit will provide better treatment than the Florence South Unit (id. at 2-3). He also requests that the Court issue an order to transfer him back to the Florence South unit (id. at 2).

### B. Analysis

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). A court may not issue an injunction against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Further, a party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

Here, Plaintiff's request for a transfer would apply to ADC individuals who are not parties to the underlying action. Moreover, Plaintiff has not shown that the relief he seeks has a sufficient relation to the underlying civil rights action so as to justify injunctive relief. His First Amended Complaint asserts an Eighth Amendment claim of inadequate medical care. But his request for injunctive relief alleges retaliation in response to the filing of his lawsuit. If Plaintiff seeks to assert a retaliation claim, he must move for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule of Civil Procedure 15.1.

Accordingly, Plaintiff's "Complaint" seeking injunctive relief will be denied without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Complaint" seeking injunctive relief (Doc. #12).

(2) Plaintiff's "Complaint" seeking injunctive relief (Doc. #12) is **denied**.

DATED this 2nd day of February, 2010.

_____
G. Murray Snow
United States District Judge