| | |
|---|---|
| **WO** | JDN |

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Galen Lloyd Houser, | No. CV 09-0937-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Caron Grant-Ellis, et al., | |
| Defendants. | |

Plaintiff Galen Lloyd Houser brought this civil rights action under 42 U.S.C. § 1983 against Nurse Caron Grant-Ellis and Physician's Assistant Nick Salyer, medical personnel at the Arizona Department of Corrections (ADC) Florence Unit Complex (Doc. #9).[1] Before the Court is Plaintiff's "Motion for Request of Injunctive Order/Relief" (Doc. #21), which Defendants oppose (Doc. #24).

The Court will deny Plaintiff' motion.

**I.     Background**

Plaintiff's claim arose during his confinement in the Florence South Unit (Doc. #9).[2] In his First Amended Complaint, Plaintiff alleged that he suffers from severe psoraisis, and that upon his arrival at the Florence South Unit following hospitalization for his condition,

---

[1] Upon screening, the Court dismissed Baird and McMorran as Defendants (Doc. #10).

[2] Plaintiff is currently housed in the Arizona State Prison Complex-Winchester Unit in Tucson, Arizona (Doc. #18).

he was supposed to be treated pursuant to a specific treatment plan that required medications, blood tests, and constant monitoring (id. at 4). Plaintiff claimed that Defendants failed to monitor Plaintiff' care despite his repeated complaints and appeals for treatment through Health Needs Requests, inmate letters, and grievances to Salyer and Grant-Ellis (id.). Plaintiff alleged that Grant-Ellis failed to refer Plaintiff for evaluation by Salyer or correct the medication problems, and that Salyer failed to take any action to remedy the situation or maintain the prescribed treatment plan (id.). Plaintiff alleged that as a result, he suffered painful infections and was rehospitalized (id.).

## II.    Plaintiff's Motion for Preliminary Injunctive Relief

In his motion, Plaintiff requests that the Court issue an order directing ADC and its healthcare provider to schedule Plaintiff to see a dermatologist and to resume treatment with all prescribed medical treatments and medications "without further delay or the adding to the plaintiff's on-going pain and suffering" (Doc. #21).

In response, Defendants argue that Plaintiff has failed to meet the heightened burden applied to mandatory injunctions (Doc. #24). They assert that Plaintiff provides no evidence that he has any likelihood of success on the merits or that there is a real or immediate threat to his safety (id. at 3).

Plaintiff did not file a reply.

## III.    Preliminary Injunction

### A.    Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); American Trucking Ass'ns, Inc. v. City of Los

Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

In addition, because the function of a preliminary injunction is to preserve the status quo pending a determination on the merits, Chalk v. U.S. Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are subject to heightened scrutiny).

**B.    Analysis**

As stated, to obtain a preliminary injunction, Plaintiff must show that he is likely to suffer irreparable harm absent an injunction. Winter, 129 S. Ct. at 374. To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. See Fed. R. Civ. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

Plaintiff's one-page motion for injunctive relief does not set forth any specific facts indicating that he is subject to a threat of irreparable harm. Plaintiff merely states that he requires medical treatment to avoid on-going pain and suffering (Doc. #21). He does not indicate what type of injury or suffering he may endure without the requested treatment, and he submits no declaration or other sworn statement with additional factual allegations. Consequently, Plaintiff has not made a clear showing of the likelihood of irreparable injury, and that alone is fatal to his motion.

Further, as argued by Defendants, Plaintiff falls well short of meeting the heightened burden required for the affirmative relief he seeks in the form of an appointment with a dermatologist. Plaintiff presents nothing related to his likelihood of success on the merits or whether the equities tip in his favor. He therefore is not entitled to injunctive relief, and

1  his motion will be denied.

2  **IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Request of Injunctive Order/Relief" (Doc. #21), and the motion is **denied**.

DATED this 11th day of May, 2010.

_G. Murray Snow_
United States District Judge